FUDGE *v.* BAILEY, for use, etc.

No. 10866.   MARCH 11, 1936.

*B. C. Hays* and *N. L. Stapleton,* for plaintiff in error.
*Lowrey Stone,* contra.

HUTCHESON, Justice.   A mortgage fi. fa. in favor of the defendant in error against W. I. Geer was levied on an undivided half interest in certain land as the property of Geer.   Fudge interposed his claim.   By agreement the case was submitted to the judge, without the interposition of a jury, upon an agreed statement of facts.   The judge found the property subject to the mortgage fi. fa., and the claimant excepted.   The agreed statement of facts discloses that Geer and Radney were tenants in common, each owning an undivided half interest in certain land.   In 1918 Geer executed to Bailey a mortgage covering his undivided half interest

in the land, and the mortgage was recorded promptly. In 1920 Geer conveyed his half undivided interest in the land to his cotenant, Radney. This deed was duly recorded, and Radney remained in possession of the land, making valuable improvements thereon until his death in 1933. During this thirteen-year period Radney regularly returned the land for taxation and paid the taxes, and paid off a security deed to a portion of the land. Radney claims to have had no actual notice of the mortgage which Geer had executed to Bailey. Fudge, the claimant, bought the land in 1934 at foreclosure sale under power contained in a security deed executed by Radney in 1932. Fudge went into possession of the land, and expended $105 in improvements thereon. He also claims to have had no actual notice of the mortgage held by Bailey. In 1934 foreclosure proceedings were instituted by the mortgagee of Geer, to subject his undivided half interest in the land to the mortgage fi. fa., and Fudge filed his claim.

In *Fry* v. *Shehee*, 55 *Ga.* 208 (3), 212, this court held: "Where the purchaser buys from the mortgagor, and his title is a deed from the mortgagor with seven years possession of the land, and where the mortgage is legal and has been recorded within the time prescribed by law, the purchaser buys the title of the mortgagor encumbered with the lien of the mortgage. He does not hold adversely to the mortgagee, and no title by prescription is acquired by him so as to defeat the mortgage lien." In the opinion it was said: "But a mortgagee has no title to land in Georgia. The title never passes out of the mortgagor to him. It remains in the mortgagor, and the mortgagee has a mere lien or security on the land for his debt. He has no right of entry. He can not maintain ejectment; and as he can not eject the person in possession of the land, it is difficult to see how that possession is adverse to him." This decision was by an entire bench of three Justices as the court was then constituted, and is binding as a precedent. Under application of the rulings quoted above, the judge did not err in the instant case in finding the property subject.

*Judgment affirmed. All the Justices concur.*